**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Charles M. Caldwell
United States Bankruptcy Judge

**Dated: July 06, 2012**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| *In re:* | DARLENE ELIZABETH BALDWIN | : | Case No. 12-50083 |
| | | : | Chapter 13 |
| | Debtor | : | Judge CHARLES M. CALDWELL |

### ORDER CONFIRMING CHAPTER 13 PLAN AND VALUING COLLATERAL PURSUANT TO 11 U.S.C. §506  (DOC 27)

This matter is before the Court with respect to confirmation of the Debtor(s)' Chapter 13 plan and amendments thereto, if any ("Plan"). Having reviewed the Plan, and noting that objections, if any, have been withdrawn or resolved, the Court finds that the Plan meets the requirements of 11 U.S.C. § 1325.

It is therefore **ORDERED** that the Plan is confirmed, subject to the following terms, conditions and restrictions:

1. The Debtor(s) shall make monthly payments to the Trustee until the plan is completed, for a period not to exceed sixty months.  The monthly payments shall be by payroll deduction, unless otherwise ordered or agreed to by the Trustee.

   Payments shall be sent to Chapter 13 Trustee, PO Box 1718, Memphis, TN 38101-1718.

2. The Trustee shall deposit all monthly payments and make disbursements in accordance with the law, the provisions of the Plan, any subsequent order of the Court requiring distribution of payments in a particular manner, and any General Order in effect in the District.

3. During the pendency of the Plan, all property of the estate as defined in 11 U.S.C. § 1306(a) is within the exclusive jurisdiction of the Court. The Debtor(s) shall not, except as provided in LBR 6004-1(c)(3), without consent of the Trustee or the Court, sell or otherwise dispose of or transfer such property unless sale or transfer of such property is specifically provided for in the Plan.

4. The Debtor(s) shall maintain insurance on all property subject to a security interest in a manner and for the amount required by the Bankruptcy Code and/or the relevant security agreement or loan documents.

5. The Debtor(s) shall not incur additional non-emergency consumer debt in an amount exceeding $1,000.00 without written approval of the Trustee or order of the Court.

6. The value of property which is the subject of a security interest shall be the lesser of the value set forth in the Plan (or if a value is not stated in the Plan, then the value set forth in the Debtor(s)' schedules) or the value set forth in the secured creditor's proof of claim, unless a different value is stipulated by the parties or determined by Court order.

7. The attorney for the Debtor(s) is allowed the fee set forth in the attorney compensation statement filed in the case, provided the statement does not request fees in excess of $3500.00.

**IT IS SO ORDERED.**

Copies to:
*ALL CREDITORS AND PARTIES IN INTEREST*

             ###